1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA LAVON RAMSOM, | Case No. 1:24-cv-00662-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| LUCY, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Donshea Lavon Ramsom ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 9, 2024, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (ECF No. 9.)  The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 7.)  Plaintiff failed to file an amended complaint or

1

1   otherwise communicate with the Court, and the deadline to do so has expired.

2   **II.     Failure to State a Claim**

3          **A.     Screening Requirement**

4          The Court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8   relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16         To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22         **B.     Plaintiff's Allegations**

23         Plaintiff alleges that the events in the complaint occurred while he was housed at

24  Porterville Developmental Center.  Plaintiff names the following defendants:  (1) Lucy, staff

25  supervisor, (2) Phipps, police, (3) Gonzales, police, and (4) unknown defendants.

26         Plaintiff alleges a violation of the Thirteenth and Fourteenth Amendment for threat to

27  safety/retaliation.

28  ///

2

1
2
3
4
5
6
7
8
9

"Supervisor Lucy on B shift intention and aggressive verbally showed excessive attacks of out [unintelligible] concern judgment identify stricken viointions [sic] displays attech [sic] toward me on the 9-3-23 time 9:00 when police arrive they ask her whats the matter.  Lucy you know you beening record up there speak up top I don't like his kind of people yea I had it done to him what her injection in his sleep why you don't like him cause of his grandfather who is Alb I don't want to say it why Albarham [unintelligible] so the injection cause me to have a infection disease premediation jeopardize mine safety of mine self being place at Porterville Development Center from Sacramento CA main jail this this description evidence of neglected as client uncomfortable conflict causes shame disturbance spiritual to mine health inheritance discovery discrimination to mine well being while police are going between question is he prescribe this or order this medication no what you mean no Lucy as you know we are being recorded on both ends identification perception as himself 0069 00882023."  (slightly edited for spelling).

10     Plaintiff alleges his injury is "this remediation discrimination injection infection having

11 me using dropping feces urine of green eject him." (slightly edited for spelling).  It is unclear

12 what remedies Plaintiff seeks in this litigation.

13     **C.     Discussion**

14     Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

15 state a cognizable claim under 42 U.S.C. § 1983.

16     **1.     Federal Rule of Civil Procedure 8**

17     Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

18 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

19 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

20 of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

21 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

22 claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

23 at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

24 *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

25     Here, Plaintiff's complaint is short, but is not a plain statement of his claims.  Plaintiff's

26 conclusory allegations what happened, when it happened, or which defendant was involved are

27 insufficient.  The allegations are rambling and confusing as to what happened to Plaintiff to

28

1    violate his constitutional rights.

2         In addition, Section 1983 plainly requires that there be an actual connection or link

3    between the actions of the defendants and the deprivation alleged to have been suffered by

4    Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

5    (1976).  Plaintiff fails to link any defendant to any purported constitutional violation.

6                      **2.    Involuntary Medication**

7         Plaintiff's allegations are not sufficiently specific or detailed to show that his rights are

8    being violated or that he is at risk of imminent, irreparable injury.  Most concerningly, it is

9    unclear if Plaintiff claims that he is being involuntarily medicated.  The "forcible injection of

10   medication into a nonconsenting person's body . . . represents a substantial interference with that

11   person's liberty." *Riggins v. Nevada*, 504 U.S. 127, 134 (1992).  Governments must accordingly

12   adhere to procedural protections before administering involuntary medication.  "In California, the

13   procedural requirements for involuntary medication of prisoners are stated in *Keyhea v. Rushen*,

14   178 Cal. App. 3d 526 (Cal. Ct. App. 1986)." *Black v. Dep't of State Hospitals*, No. 22-cv-05037-

15   JD, 2023 WL 1784753, at *2 (N.D. Cal. Feb. 6, 2023).  "A *Keyhea* order permits the long-term

16   involuntary medication of an inmate upon a court finding that the course of involuntary

17   medication is recommended and that the prisoner, as a result of mental disorder, is gravely

18   disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v.*

19   *Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).  Plaintiff does not include facts in his complaint

20   explaining whether the procedures required by *Keyhea* were followed and, if not, what procedures

21   and methods were utilizing to involuntarily medicate him.  Without such an explanation, it is

22   impossible for the court to evaluate his claim that he is being unlawfully subjected to forced

23   medication.

24        Failure to follow the state procedures for involuntary medication does not necessarily

25   constitute a federal due process violation.  *Hubbard v. Ramos*, No. 19-CV-07508-JST, 2022 WL

26   595879, at *13 (N.D. Cal. Feb. 28, 2022).

27   ///

28   ///

### 3.      First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  It is unclear what conduct Plaintiff engaged in which was protected conduct, who took an adverse action that chilled Plaintiff's First Amendment rights, that did not advance a legitimate correctional goal.  Plaintiff must allege facts for each element of a retaliation claim.

### 4.      Eighth Amendment – Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs."[1] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825,

---

[1] If Plaintiff were a pretrial detainee or civil detainee at the time of the events, the claims may arise under the Fourteenth Amendment. the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, which governs pretrial detainees.  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016).

837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

At the pleading stage, Plaintiff fails to allege facts that he was in serious medical need and that defendants' response was deliberately different.  The allegations are incoherent.

**III.     Failure to Prosecute and Failure to Obey a Court Order**

**A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

2   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

3        **B.      Discussion**

4        Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

5   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

6   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

7        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

8   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

9   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

10   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

11   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

12   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

13   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

14   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

15       Finally, the Court's warning to a party that failure to obey the court's order will result in

16   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

17   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 9, 2024 screening

18   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

19   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

20   for failure to state a claim.  (ECF No. 9, p. 7.)  Thus, Plaintiff had adequate warning that dismissal

21   could result from his noncompliance.

22       Additionally, at this stage in the proceedings there is little available to the Court that

23   would constitute a satisfactory lesser sanction while protecting the Court from further

24   unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

25   this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

26   or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

27   ///

28   ///

7

1

**IV.     Conclusion and Recommendation**

2          Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

3  District Judge to this action.

4          Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

5  RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

6  pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to

7  prosecute this action.

8          These Findings and Recommendation will be submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

10 **(14) days** after being served with these Findings and Recommendation, the parties may file

11 written objections with the Court.  The document should be captioned "Objections to Magistrate

12 Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

13 **or include exhibits.  Exhibits may be referenced by document and page number if already in**

14 **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**

15 **considered.**  The parties are advised that failure to file objections within the specified time may

16 result in the waiver of the "right to challenge the magistrate's factual findings" on

17 appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

18 923 F.2d 1391, 1394 (9th Cir. 1991)).

19

20 IT IS SO ORDERED.

21  Dated:  __December 2, 2024__          ___/s/ Barbara A. McAuliffe___

22                                       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8